## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**KAREN BARU**
>       303A Halifax Court
>       Springfield, MA   01108

>       *Plaintiff,*

**v.**

**ARAPAHOE MEDICAL INVESTORS LLC**
>       *Serve:* The Corporation Company
>               1675 Broadway Suite 1200
>               Denver, CO 80202

>       and

**LIFE CARE CENTERS OF AMERICA INC.**
>       *Serve:* The Corporation Company
>               1675 Broadway Suite 1200
>               Denver, CO 80202

>       *Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

## INTRODUCTION

1.      This negligence action arises from the inadequate care and treatment that the
        Defendants provided to plaintiff Karen Baru.   As explained below, the
        Defendants' acts and omissions reflect negligence and a general inability,
        refusal or unwillingness to provide required levels of care to Karen Baru.

## PARTIES

2.  Plaintiff Karen Baru is a citizen of the United States and a resident of the State of Massachusetts.

3.  Defendant Arapahoe Medical Investors LLC is a limited liability company organized under the laws of the State of Tennessee with its principal place of business in the State of Colorado.

4.  Defendant Life Care Centers of America Inc. is a corporation organized under the laws of the State of Tennessee.

## Jurisdiction and Venue

5.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000 (exclusive of interest and costs) and complete diversity of citizenship exists among the parties. Jurisdiction is proper within the State of Colorado in that the Defendants own, operate, and/or manage a nursing home in the State of Colorado.

6.  Venue is proper in Colorado pursuant to 28 U.S.C. § 1391(a)(2) in that the acts and omissions giving rise to Plaintiff's complaint occurred within the State of Colorado.

## General Allegations of Fact

7.  At all relevant times to this complaint, Defendants Arapahoe Medical Investors LLC. and Life Care Centers of America Inc. owned, operated, and/or managed a nursing home facility located in Aurora, Colorado commonly known as Life Care Center of Aurora.

8.  Plaintiff Karen Baru resided at Life Care Center of Aurora from approximately

April 11, 2008 until approximately July 27, 2008.

9.  During her stay at Life Care Center of Aurora, Karen Baru suffered repeated incidents in which she fell to the floor, slid to the floor, had to be lowered to the floor, or was allowed to strike the floor due to the inadequate care and attention provided to her.

10. One such incident was a fall that occurred on or about July 26, 2008 ("July Fall").

11. The July Fall occurred at approximately 7:15 in the evening. Karen Baru was not sent to the hospital until the next day.

12. The injuries from the July Fall included a sub-dural bleed, which required hospitalization and surgery to repair.

13. Karen Baru endured a prolonged recovery and rehabilitation period due to the injuries suffered in the July Fall.

14. During her stay at Life Care Center of Aurora, Karen Baru was in a frail, defenseless and dependent condition and relied upon the Defendants to provide for her safety, protection, care, treatment and well-being.

### COUNT I - NEGLIGENCE

15. The preceding paragraphs of this Complaint are adopted by reference as if fully pleaded herein.

16. Defendants had a duty to possess and use that degree of care, skill and proficiency commonly used by ordinarily skillful, careful, and prudent health care providers under the same or similar circumstances.

17. Defendants, acting through their agents, servants and employees, breached their duty by negligently and carelessly failing to measure up to the requisite standard of care, skill, learning, and practice ordinarily exercised by members

3

of their profession under the same or similar circumstances by the following acts and omissions, among other acts and omissions:

a.  failing to ensure that Karen Baru was free from neglect;

b.  failing to adequately assess and reassess Karen Baru's condition;

c.  failing to develop an individualized plan of care for Karen Baru which met all of her needs;

d.  failing to provide care to Karen Baru that met professional standards of quality;

e.  failing to provide care and services to help Karen Baru attain or maintain her highest practicable well being;

f.  failing to provide adequate staff to meet Karen Baru's needs;

g.  failing to train and supervise the staff that was hired in a manner sufficient to avoid the above acts and omissions;

h.  failing to provide this resident with protective oversight, personal attention, and nursing care in accordance with her condition;

i.  failing to provide a safe environment;

j.  failing to prevent falls;

k.  failing to provide prompt medical care and evaluation;

l.  failing to honor the governing state and federal statutes and regulations, as more fully pled in Count II below; and

m.  failing in general to measure up to the requisite standards of due care and skill ordinarily observed by other health care providers in the same or similar circumstances.

18.  As a direct and proximate result of Defendants' above-referenced negligent acts and/or omissions, Karen Baru suffered significant pain, anxiety, mental

4

anguish, and loss of dignity.

19.     Defendants are liable to plaintiff Karen Baru for the above wrongs.

                    **COUNT II - NEGLIGENCE PER SE**

20.     The preceding paragraphs of this Complaint are adopted by reference as if fully
        pleaded herein.

21.     Federal and state law regulates, and establishes, certain duties and levels of care
        owed by skilled nursing facilities to its residents.  Such federal requirements
        are found in the Federal Nursing Home Reform Act, codified in Title 42 of the
        United States Code at section 1395i-3 (Medicare) and section 1396r
        (Medicaid), with further implementation pursuant to Title 42 of the Code of
        Federal Regulations, Chapter IV, Part 483.

22.     While Karen Baru was a resident at Life Care Center of Aurora, Defendants,
        acting through their employees, agents, and/or servants, breached their duty to
        Karen Baru by engaging in acts of negligence *per se* which violated state and
        federal laws and regulations governing skilled nursing facilities, including, but
        not limited to the following:

        a.      6 C.C.R. 1011-1 Chapter V, Part 5.1.1  Residents shall be provided: a
                safe, supportive, comfortable, homelike environment; freedom and
                encouragement to exercise choice over their surroundings, schedules,
                health care, and life activities; the opportunity to be involved with the
                members of their community inside and outside the nursing home; and
                treatment with dignity and respect.

        b.      6 C.C.R. 1011-1 Chapter V, Part 5.1.3(2)  – For residents at high risk
                for accidents, the facility shall have identified the risk in the care plan
                and taken reasonable precautions to prevent common accidents before

                                        5

the accident occurred. Residents at high risk of accidents include the blind, the deaf, those with seizure disorders, those with accidents in the last 6 months, the totally confused but ambulatory, new amputees, and residents on psychoactive drugs.

c.   42 C.F.R. 483.25(a)(1) - Based upon the comprehensive assessment of a resident, the facility must ensure that a resident's abilities in activities of daily living do not diminish unless circumstances of the individual's clinical condition demonstrate that diminution was unavoidable.

d.   42 C.F.R. 483.25(a)(3) - Based upon the comprehensive assessment of a resident, the facility must ensure that a resident who is unable to carry out activities of daily living receives the necessary services to maintain good nutrition, grooming, and personal and oral hygiene.

23.   Karen Baru was a member of the class of persons intended to be protected by the enactment of the referenced state and federal laws and regulations.

24.   The specific injuries suffered by Karen Baru were of the nature the regulations are designed to prevent.

25.   The violations of these regulations, and standards of care, were the proximate cause of the injuries suffered by Karen Baru.

26.   As a result of the violations of these regulations, and standards of care, Karen Baru suffered damages as more fully alleged above.

27.   Defendants are liable to plaintiff Karen Baru for the wrongs committed.

## COUNT III –PUNITIVE DAMAGES

28.   The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully pleaded herein.

29.     The negligence of the Defendants was outrageous and constituted gross
negligence in that Defendants knew, or in the exercise of ordinary care, should
have known that the conduct of their agents, servants and employees created a
high probability of injury.  Defendants thereby demonstrated a conscious and
reckless disregard for the rights of Karen Baru.

30.     Defendants are liable for additional exemplary and punitive damages.

**WHEREFORE** Plaintiff Karen Baru by and through counsel prays for damages in an
amount to be determined at trial; for legal costs and expenses; for attorney fees; for pre- and
post-judgment interest; and for such other and further relief as the Court deems just and
appropriate under the circumstances.

<u>**PLAINTIFF DEMANDS A TRIAL BY JURY**</u>

Respectfully submitted this _28_ day of _MAY_____, 2009.

*Duly signed original on file at the*
*O'Connell Law Firm, P.C.*

/s/ Michael R. O'Connell
Michael R. O'Connell     CO #34803
O'Connell Law Firm, P.C.
1780 South Bellaire Street, Suite 584
Denver, CO 80222
Tel:     (303) 759-4000
Fax:     (303) 759-4000
mro@coloradoinjuryattorney.net

*Attorney for Plaintiff*